**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| CONVERSANT INTELLECTUAL PROPERTY MANAGEMENT INC., | |
| Plaintiff, | |
| LSI Corporation, | |
| Involuntary Plaintiff, | |
| Agere Systems LLC, | |
| Involuntary Plaintiff, | |
| v. | C.A. No.: 6:12-cv-00847 (LEAD CASE) |
| XILINX, INC. | JURY TRIAL DEMANDED |
| Defendant. | |
| CONVERSANT INTELLECTUAL PROPERTY MANAGEMENT INC., | |
| Plaintiff, | |
| LSI Corporation, | |
| Involuntary Plaintiff, | |
| Agere Systems LLC., | |
| Involuntary Plaintiff, | |
| v. | C.A. No.: 6:12-cv-00848 (CONSOLIDATED WITH C.A. No.: 6:12-cv-00847) |
| ST MICROELECTRONICS, INC. | JURY TRIAL DEMANDED |
| Defendant. | |

## THIRD AMENDED COMPLAINT AGAINST STMICROELECTRONICS, INC. FOR PATENT INFRINGEMENT

Plaintiff Conversant Intellectual Property Management Inc. f/k/a Mosaid Technologies

Inc. ("Conversant" or "Plaintiff"), and Involuntary Plaintiffs LSI Corporation ("LSI") and Agere

Systems LLC ("Agere"), by and through their undersigned counsel, file this Third Amended

Complaint for Patent Infringement against Defendant STMicroelectronics, Inc. ("STM") and

hereby state:

## THE PARTIES

1)      Plaintiff Conversant is a corporation subject to the laws of Canada with its principal place

of business at 11 Hines Road, Suite 203, Ottawa, Ontario, Canada K2K 2X1.  Conversant's

United States principal place of business is located at 5700 Granite Parkway, Suite 960, Plano,

Texas 75024.

2)      Involuntary Plaintiff LSI is a Delaware corporation, with its principal place of business at

1320 Ridder Park Drive, San Jose, California 95131.  LSI and its subsidiary Agere appear

involuntarily pursuant to Rule 19 of the Federal Rules of Civil Procedure, as the owners of the

LSI Patents, defined below.  LSI and its subsidiaries, including Agere, entered into an exclusive

Patent License Agreement with Conversant assigning, transferring, and conveying to Conversant

all right, title, and interest in and to all causes of action and enforcement rights during the term of

the Agreement in certain LSI patents, including, without limitation, all rights to pursue damages,

injunctive relief, or other remedies for past, current, and future infringement of certain LSI

patents. The relevant LSI patents include United States Patent No 5,577,230 and United States

Patent No. 5,958,036 (the "LSI Patents"). Neither LSI nor its subsidiaries currently possesses

any rights to enforce the LSI Patents, including claims or causes of action for infringement.

3)      Involuntary Plaintiff Agere is a Delaware limited liability company, with its principal

place of business at 1621 Barber Lane, Milpitas, CA 95035. A subsidiary of LSI, Agere appears

involuntarily as the owner of the LSI Patents.

4)      Defendant ST Microelectronics, Inc. is a Delaware corporation with its principal place of business at 750 Canyon Drive, Suite 300, Coppell, Texas 75019.  Defendant STM may be served through its registered agent, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, TX 75201-4234.  STM is authorized to do business in the State of Texas, and regularly conducts such business within the State and within this judicial district by way of sales and product distributions.

### JURISDICTION AND VENUE

5)      This is an action for patent infringement arising under the provisions of the Patent Laws of the United States of America, Title 35, United States Code.

6)      Subject-matter jurisdiction over Plaintiffs' claims is conferred upon this Court by 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (patent jurisdiction).

7)      This Court has personal jurisdiction over STM, which has conducted and continues to conduct business in the State of Texas and in this Judicial District.  STM directly and/or through intermediaries makes, offers for sale, sells and/or advertises (including through a website) products and services in the State of Texas and in this Judicial District.  STM committed acts of patent infringement alleged herein within the State of Texas and, more particularly, within this Judicial District.  STM purposefully and voluntarily placed its infringing products into the stream of commerce with the expectation that they will be purchased by consumers in the State of Texas and in this Judicial District.  These infringing products have been and continue to be purchased by consumers in the state of Texas and in this Judicial District.

8)      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and §1400(b).

**ASSERTED PATENTS**

9)      On May 23, 2006, United States Patent No. 7,051,306 ("the '306 Patent," entitled "Managing Power on Integrated Circuits Using Power Islands") duly and legally issued. The '306 Patent relates to, among other things, power consumption management in integrated circuits. Conversant is the owner of the '306 Patent and has all rights to enforce the '306 Patent with respect to the Defendant. A copy of the '306 Patent is attached as Exhibit A to Conversant's original Complaint (Dkt. No. 1-1 at 1).

10)      On November 19, 1996, United States Patent No. 5,577,230 ("the '230 Patent," entitled "Apparatus and Method for Computer Processing Using an Enhanced Harvard Architecture Utilizing Dual Memory Buses and the Arbitration for Data/Instruction Fetch") duly and legally issued. The '230 Patent relates to, among other things, computer processors and memory architectures. Conversant is the exclusive licensee of the '230 Patent and is the current owner of all rights to enforce the '230 Patent with respect to the Defendant. A copy of the '230 Patent is attached as Exhibit B to Conversant's original Complaint (Dkt. No. 1-1 at 25)

11)      On September 28, 1999, United States Patent No. 5,958,036 ("the '036 Patent," entitled "Circuit for Arbitrating Interrupts with Programmable Priority Levels") duly and legally issued. The '036 Patent relates to, among other things, interrupt priority arbitration in computer devices. Conversant is the exclusive licensee of the '036 Patent and is the current owner of all rights to enforce the '036 Patent with respect to the Defendant. A copy of the '036 Patent is attached as Exhibit D to Conversant's original Complaint (Dkt. No. 1-1 at 53).

12)      On May 17, 2011, United States Patent No. 7,945,885 ("the '885 Patent," entitled "Power managers for an integrated circuit") duly and legally issued. The '885 Patent Abstract states that the subject matter of the invention relates to "[a] system for an integrated circuit comprising a

plurality of power islands includes a first power manager and a second power manager. The first power manager manages a first power consumption for the integrated circuit based on needs and operation of the integrated circuit. The second power manager communicates with the first power manager and manages a second power consumption for one of the power islands." Conversant is the owner of the '885 Patent and has all rights to enforce the '885 Patent with respect to the Defendant.  A copy of the '885 Patent is attached as Exhibit I to Conversant's Second Amended Complaint (Dkt. No. 23-5 at 30).

13)     On August 9, 2011, United States Patent No. 7,996,811 (the "the '811 Patent," entitled "Power managers for an integrated circuit") duly and legally issued. The '811 Patent Abstract states that the subject matter of the invention relates to "[a] system for an integrated circuit comprising a plurality of power islands includes a first power manager and a second power manager. The first power manager manages a first power consumption for the integrated circuit based on needs and operation of the integrated circuit. The second power manager communicates with the first power manager and manages a second power consumption for one of the power islands."   Conversant is the owner of the '811 Patent and has all rights to enforce the '811 Patent with respect to the Defendant.  A copy of the '811 Patent is attached as Exhibit J to Conversant's Second Amended Complaint (Dkt. No. 23-5 at 56).

14)     The '306 Patent, '230 Patent, '036 Patent, '885 Patent and '811 Patent are collectively referred to as the "Asserted Patents."

## GENERAL ALLEGATIONS

15)     Defendant STM has directly infringed and continues to directly infringe one or more of the Asserted Patents by making, using, offering to sell, selling, or importing devices within the scope of one or more of the claims of the Asserted Patents. The infringing devices include, but

are not limited to, processors, mobile products, microcontrollers, communications equipment, and system-on-chip devices.

16)    Defendant STM has indirectly infringed and continues to indirectly infringe one or more of the Asserted Patents by contributing to and actively inducing infringement of one or more of the claims of the Asserted Patents. Defendant STM has notice of the Asserted Patents. The infringing devices are known by Defendant STM to be especially made or especially adapted for use in an infringement of one or more of the Asserted Patents, and are not staple articles or commodities of commerce suitable for substantial noninfringing uses. Defendant STM contributes to the infringement of one or more of the Asserted Patents by selling or importing the infringing devices to third parties, such as end-users, resellers, partners, and distributors who incorporate the infringing devices into their products and/or practice one or more claims of the Asserted Patents. Defendant STM actively induces infringement by encouraging the use of the infringing devices by the third parties in ways that infringe one or more of the claims of the Asserted Patents. Defendant STM knew or should have known that such encouragement would induce infringement. Such induced and/or contributory infringement has occurred at least since Defendant STM became aware of the Asserted Patents.

17)    As a result, Defendant STM has been and still is infringing one or more of the claims of the Asserted Patents as defined by 35 U.S.C. § 271. Conversant has suffered damage by reason of such infringement and will continue to suffer additional damage until this Court enjoins the infringing conduct.

18)    Defendant STM has continued its infringing activities after receiving notice of at least some of the Asserted Patents as early as 2009, despite the objectively substantial and high likelihood that it is liable for infringement of valid patent rights, and, therefore, such

infringement is willful, entitling Conversant to the recovery of increased damages under 35

U.S.C. § 284.  More specifically, as a result of notice provided by Conversant, on April 2, 2009

STM became aware that the SPC560 family of products infringes at least claims 16, 18, 20, 21,

25, and 26 of the '306 Patent, and at least claims 1 and 3 of the '036 Patent.

19)     Infringement of one or more of the Asserted Patents by Defendant STM renders this an

"exceptional case" justifying an award of attorneys' fees and costs to Conversant under 35 U.S.C.

§ 285.

20)     Conversant believes that Defendant STM will continue to infringe one or more of the

Asserted Patents unless enjoined by this Court. Such infringing activity causes Conversant

irreparable harm and will continue to cause such harm without the issuance of an injunction.

21)     Upon information and belief, Defendant STM has taken over certain products and

devices originally manufactured by ST-Ericsson, Inc. ("STE").  As a result, upon information

and belief Defendant STM is now engaged in the sale, use, offer to sell, and/or importation of

certain STE devices and products which further infringe the Asserted Patents directly, indirectly,

literally, under the doctrine of equivalents, contributorily, and/or through the inducement of

others.

## COUNT ONE

### STM's Infringement of the '306 Patent

22)     Conversant incorporates by reference each of the foregoing paragraphs of this Complaint

as though fully set forth herein.

23)     Defendant STM has been and is still directly infringing one or more of the claims of the

'306 Patent. Defendant STM's infringing acts include, but are not limited to, making, using,

offering to sell, selling, or importing devices within the United States the scope of one or more of

the claims of the '306 Patent, including but not limited to the following:

a) SPC5 Family of Microcontrollers for automotive use, including but not limited to the following series of products:

1. SPC5 A Line: PC564A70L7, SPC564A74B4, SPC564A74L7, SPC564A80B4, SPC564A80L7;

2. SPC5 B Line: SPC560B40L3, SPC560B40L5, SPC560B50L1, SPC560B50L3, SPC560B50L5, SPC560B54L3, SPC560B54L5, SPC560B60L3, SPC560B60L5, SPC560B64L5, SPC560B64L7, SPC564B64L7, SPC564B64L8, SPC564B70L8, SPC564B74L8, SPC564Bxx;

3. SPC5 C Line: SPC560C40L3, SPC560C50L3, SPC56EC64B3, SPC56EC64L7, SPC56EC64L8, SPC56EC70B3, SPC56EC70L7, SPC56EC70L8, SPC56EC74B3, SPC56EC74L7, SPC56EC74L8;

4. SPC5 D Line: SPC560D40L1, SPC560D40L3;

5. SPC5 L Line: SPC564L54L3, SPC564L54L5, SPC564L60L3, SPC564L60L5, SPC564L70L3, SPC564L70L5, SPC56EL54L3, SPC56EL54L5, SPC56EL60L3, SPC56EL60L5, SPC56EL70L5;

6. SPC5 M Line: SPC563M64L5, SPC563M64L7, SPC57EM80xx;

7. SPC5 P Line: SPC560P34L1, SPC560P34L3, SPC560P40L1, SPC560P40L3, SPC560P44L3, SPC560P44L5, SPC560P50L3, SPC560P50L5, SPC560P54L5, SPC560P60L5, SPC56AP54L3, SPC56AP54L5, SPC56AP60L3, SPC56AP60L5;

      8.      Any other members of the SPC5 Family of Microcontrollers, and the products identified in the L.P.R. 3-1 Preliminary Infringement Contentions which Conversant has timely served upon STM, including the claim chart attached as hereto as **Exhibit A** (Chart #STM17), the contents of which are incorporated by reference as if restated fully herein.

b)     Cartesio+ STA2064x/2065x Infotainment Application Processor, including:

      1.      Cartesio STA 2064 series Processors;

      2.      Cartesio 2064A Processors;

      3.      Cartesio 2064N Processors;

      4.      Cartesio STA 2065 series Infotainment Application Processors;

      5.      Cartesio model 2065A Processors;

      6.      Cartesio model 2065N Processors;

      7.      Cartesio model 2065P processors;

      8.      Any other similar processors identified in the L.P.R. 3-1 Preliminary Infringement Contentions, which Conversant has timely served upon STM, including the claim charts attached as hereto as **Exhibit B** and **Exhibit C** (Charts #STM18 and 35, respectively), the contents of which are incorporated by reference as if restated fully herein.

c)     The products identified in the L.P.R. 3-1 Preliminary Infringement Contentions which Conversant has timely served upon STM, including the claim chart attached hereto as **Exhibit D** (Chart #STM32), the contents of which are incorporated by reference as if restated fully herein, and including the following:

      1.      Cannes family of server-boxes, including:

      a.     STiH305 hybrid set-top box platform;

      b.     STiH310 hybrid set-top box platform;

      c.     STiH312 multimedia connected client-box platform;

      d.     STiH315 hybrid set-top box platform.

2.     Monaco and/or Orly family of multimedia servers, including:

      a.     STiH407 HEVC, multimedia server / connected client platform;

      b.     STiH410 HEVC, multimedia server / connected client platform;

      c.      STiH412 UHD multimedia server-box platform.

      d.     STiH416 Advanced HD AVC processor

24)    By at least April 2, 2009 STM became aware that certain of its products infringe the claims of the '306 Patent.  Specifically, through a series of written, telephonic and in-person communications, Conversant provided notice and explanation to Defendant STM that the SPC560 family of products infringes at least claims 16, 18, 20, 21, 25, and 26 of the '306 Patent.

25)    Defendant STM's notice set forth the manner in which these products infringe the '306 Patent, and detailed the basis for Conversant's claim that Defendant STM's SPC560 family of products infringe the '306 Patent.

26)    As a result, Defendant STM has known (or at a minimum should have known) since at least April 2, 2009 of an objectively high likelihood that that the making, importation, use, offer for sale, or sale of the above-referenced products in the United States constitutes direct infringement of one or more valid claims of the '306 Patent.

27)    Despite awareness of the objectively high risk of such infringement of valid patent claims, Defendant STM has been and is still contributing to the infringement of and/or actively inducing third parties, such as end users, that directly infringe one or more of the claims of the

'306 Patent, with willful disregard of Conversant's rights in such Patent.

28)     Defendant STM's actions are in violation of one or more of the provisions of 35 U.S.C. §

271(a), (b), (c), (f), and (g).  As a result of Defendant STM's willfulness, Conversant is entitled

to enhanced damages pursuant to 35 U.S.C. § 284 and attorney's fees pursuant to 35 U.S.C. §

285.

**COUNT TWO**

**STM's Infringement of the '230 Patent**

29)     Conversant incorporates by reference each of the foregoing paragraphs of this Complaint

as though fully set forth herein.

30)     Defendant STM has been and is still directly infringing one or more of the claims of the

'230 Patent. Defendant STM's infringing acts include, but are not limited to, making, using,

offering to sell, selling, or importing devices within the United States the scope of one or more of

the claims of the '230 Patent, including but not limited to the following:

      a)     SPC5 32 bit Automotive MCU with a Dual Power Architecture Cores, including

            but not limited to:

            1.     SPC5 B Line: SPC564Bxx;

            2.     SPC5 C Line: SPC56EC64B3, SPC56EC64L7, SPC56EC64L8,

                    SPC56EC70B3, SPC56EC70L7, SPC56EC70L8, SPC56EC74B3,

                    SPC56EC74L7, SPC56EC74L8;

            3.     SPC5 L Line: SPC56EL54L3, SPC56EL54L5, SPC56EL60L3,

                    SPC56EL60L5, SPC56EL70L5;

            4.     SPC5 M Line: SPC57EM80xx;

5. SPC5 P Line: SPC56AP54L3, SPC56AP54L5, SPC56AP60L3, SPC56AP60L5;

6. Any other dual core architecture members of the SPC5 Family of Microcontrollers, including the products identified in the L.P.R. 3-1 Preliminary Infringement Contentions which Conversant has timely served upon STM, including the claim charts attached hereto as **Exhibit E** (Chart #STM16), the contents of which are incorporated by reference as if restated fully herein.

b) The SPC5 Family of Microcontrollers (MCUs) with a single Power Architecture core including but not limited to the following devices:

1. SPC5 A Line: PC564A70L7, SPC564A74B4, SPC564A74L7, SPC564A80B4, SPC564A80L7;

2. SPC5 B Line: SPC560B40L3, SPC560B40L5, SPC560B50L1, SPC560B50L3, SPC560B50L5, SPC560B54L3, SPC560B54L5, SPC560B60L3, SPC560B60L5, SPC560B64L5, SPC560B64L7, SPC564B64L7, SPC564B64L8, SPC564B70L8, SPC564B74L8;

3. SPC5 C Line: SPC560C40L3, SPC560C50L3;

4. SPC5 D Line: SPC560D40L1, SPC560D40L3;

5. SPC5 L Line: SPC564L54L3, SPC564L54L5, SPC564L60L3, SPC564L60L5, SPC564L70L3, SPC564L70L5;

6. SPC5 M Line: SPC563M64L5, SPC563M64L7;

7.   SPC5 P Line: SPC560P34L1, SPC560P34L3, SPC560P40L1, SPC560P40L3, SPC560P44L3, SPC560P44L5, SPC560P50L3, SPC560P50L5, SPC560P54L5, SPC560P60L5;

8.   Any other single core architecture members of the SPC5 Family of Microcontrollers, including the products identified in the L.P.R. 3-1 Preliminary Infringement Contentions which Conversant has timely served upon STM, including the claim charts attached hereto as **Exhibit F** (Chart #STM23), the contents of which are incorporated by reference as if restated fully herein.

31)   Defendant STM has been and is still contributing to the infringement of and/or actively inducing third parties, such as end users, that directly infringe one or more of the claims of the '230 Patent. Defendant STM's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

## COUNT THREE

### STM's Infringement of the '036 Patent

32)   Conversant incorporates by reference each of the foregoing paragraphs of this Complaint as though fully set forth herein.

33)   Defendant STM has been and is still directly infringing one or more of the claims of the '036 Patent. Defendant STM's infringing acts include, but are not limited to, making, using, offering to sell, selling, or importing devices within the United States the scope of one or more of the claims of the '036 Patent, including but not limited to the following:

a)   The SPC5 Family Microcontrollers, including:

1.   SPC560 Family Microcontrollers;

2.     SPC560B Series: including by not limited to SPC560B4x, SPC560B5x, and SPC560B6x;

3.     SPC560C Series: including by not limited to SPC560C4x, SPC560C5x;

4.     SPC560D Series: including by not limited to SPC560D3x, SPC560D4x;

5.     SPC560P Series: including by not limited to SPC560P34, SPC560P40, SPC560P44L3, SPC560P44L5, SPC560P50L3, SPC560P50L5, SPC560P50L5;

6.     SPC56xP Series: including by not limited to SPC56xP60, SPC56xP54;

7.     SPC560S Series: including but not limited to SPC560S50x, SPC560S60x;

8.     SPC563 Series: including but not limited to SPC563Mxx;

9.     SPC564 Series: including but not limited to SPC564A70xx, SPC564A74xx, SPC564A80xx, SPC564Bxx;

10.    SPC56 Series: including but not limited to SPC56ECxx, SPC56XL70xx, SPC56ELxx;

11.    SPC57 Series: including but not limited to SPC57EM8xx;

12.    Any other members of the SPC5 Family of Microcontrollers, including the products identified in the L.P.R. 3-1 Preliminary Infringement Contentions which Conversant has timely served upon STM, including the claim chart attached hereto as **Exhibit G** (Chart #STM4), the contents of which are incorporated by reference as if restated fully herein.

34)    By at least April 2, 2009 STM became aware that certain of its products infringe the claims of the '036 Patent.  Specifically, through a series of written, telephonic and in-person communications, Conversant provided notice and explanation to Defendant STM that the

SPC560 family of products infringes at least claims 1 and 3 of the '036 Patent.

35)     Defendant STM's notice set forth the manner in which these products infringe the '036 Patent, and detailed the basis for Conversant's claim that Defendant STM's SPC560 family of products infringe the '036 Patent.

36)     As a result, Defendant STM has known (or at a minimum should have known) since at least April 2, 2009 of an objectively high likelihood that that the making, importation, use, offer for sale, or sale of the above-referenced products in the United States constitutes direct infringement of one or more valid claims of the '036 Patent.

37)     Despite awareness of the objectively high risk of such infringement of valid patent claims, Defendant STM has been and is still contributing to the infringement of and/or actively inducing third parties, such as end users, that directly infringe one or more of the claims of the '036 Patent, with willful disregard of Conversant's rights in such Patent.

38)     Defendant STM's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).  As a result of Defendant STM's willfulness, Conversant is entitled to enhanced damages pursuant to 35 U.S.C. § 284 and attorney's fees pursuant to 35 U.S.C. § 285.

## COUNT FOUR

### STM's Infringement of the '885 Patent

39)     Conversant incorporates by reference each of the foregoing paragraphs of this Complaint as though fully set forth herein.

40)     Defendant STM has been and is still directly infringing one or more of the claims of the '885 Patent. Defendant STM's infringing acts include, but are not limited to, making, using, offering to sell, selling, or importing devices within the United States the scope of one or more of

the claims of the '885 Patent, including but not limited to the following:

a)    The products identified in the L.P.R. 3-1 Preliminary Infringement Contentions which Conversant has timely served upon STM, including the claim chart attached hereto as **Exhibit H** (Chart #STM34), the contents of which are incorporated by reference as if restated fully herein, and including the following:

    1.    Cannes family of server-boxes, including:

        a.    STiH305 hybrid set-top box platform;

        b.    STiH310 hybrid set-top box platform;

        c.    STiH312 multimedia connected client-box platform;

        d.    STiH315 hybrid set-top box platform.

    2.    Monaco family of multimedia servers, including:

        a.    STiH407 HEVC, multimedia server / connected client platform;

        b.    STiH410 HEVC, multimedia server / connected client platform;

        c.    STiH412 UHD multimedia server-box platform; and

        d.    STiH415.

    3.    STiH416 Advanced HD AVC processor.

b)    The products identified in the L.P.R. 3-1 Preliminary Infringement Contentions which Conversant has timely served upon STM, including the claim chart attached hereto as **Exhibit I** (Chart #STM31), the contents of which are incorporated by reference as if restated fully herein, and covering the SPEAr 13x0 MPU Group, including:

    1.    SPEAr1310;

    2.    SPEAr1340 MPUs.

41)     Defendant STM has been and is still contributing to the infringement of and/or actively inducing third parties, such as end users, that directly infringe one or more of the claims of the '885 Patent. Defendant STM's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

**COUNT FIVE**

**STM's Infringement of the '811 Patent**

42)     Conversant incorporates by reference each of the foregoing paragraphs of this Complaint as though fully set forth herein.

43)     Defendant STM has been and is still directly infringing one or more of the claims of the '811 Patent. Defendant STM's infringing acts include, but are not limited to, making, using, offering to sell, selling, or importing devices within the United States the scope of one or more of the claims of the '811 Patent, including but not limited to the following:

    a)     Cannes family of server-boxes, including:

        1.     STiH305 hybrid set-top box platform;

        2.     STiH310 hybrid set-top box platform;

        3.     STiH312 multimedia connected client-box platform;

        4.     STiH315 hybrid set-top box platform.

    b)     Monaco family of multimedia servers, including:

        1.     STiH407 HEVC, multimedia server / connected client platform;

        2.     STiH410 HEVC, multimedia server / connected client platform;

        3.     STiH412 UHD multimedia server-box platform;

        4.     STiH415;

        5.     STiH416 Advanced HD AVC processor.

c)      To the extent not previous and expressly named, the products identified in the L.P.R. 3-1 Preliminary Infringement Contentions which Conversant has timely served upon STM, including the claim chart attached hereto as **Exhibit J** (Chart #STM33), the contents of which are incorporated by reference as if restated fully herein.

d)      The products identified as the SPEAr1310 and 1340 MPU, and any product in the SPEAr 13xx MPU Group which utilizes the ARM Cortex-A9 processor, as shown in the L.P.R. 3-1 Preliminary Infringement Contentions which Conversant has timely served upon STM, including the claim chart attached hereto as **Exhibit K** (Chart #STM30[1]), the contents of which are incorporated by reference as if restated fully herein.

44)   Defendant STM has been and is still contributing to the infringement of and/or actively inducing third parties, such as end users, that directly infringe one or more of the claims of the '811 Patent. Defendant STM's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

### PRAYER FOR RELIEF

WHEREFORE, Conversant prays for entry of judgment and an order that:

(1)      Defendant STM has infringed one or more of the claims of the Asserted Patents, either literally and/or under the doctrine of equivalents;

(2)      Defendant STM account for and pay to Conversant all damages, assessment of interest, and costs of Conversant caused by Defendant's patent infringement;

---

[1] Although the heading to the claim chart attached as Ex. N states that it concerns U.S. Patent No. 7,945,885, the claims listed are those of the '811 Patent, and the claim chart reflects that the '811 Patent reads on Defendant STM's SPEAr13x0 MPU Group.

(3)     Conversant be granted permanent injunctive relief pursuant to 35 U.S.C. § 283 enjoining Defendant STM, its officers, agents, servants, employees, affiliates and those persons in active concert of participation with STM from further acts of patent infringement of the Asserted Patents;

(4)     In the event the Court determines that it will not enter injunctive relief, Defendant STM continues to pay royalties to Conversant for its infringement of the Asserted Patents on a going-forward basis;

(5)     Defendant STM account for and pay for increased damages for willful infringement of the '306 and '036 Patents under 35 U.S.C. § 284;

(6)     Costs and attorney's fees be awarded to Conversant, as this is an exceptional case under 35 U.S.C. § 285; and

(7)     Conversant be granted such further and additional relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Conversant demands trial by jury on all claims and issues so triable.

May 1, 2014

OF COUNSEL:

Steven G. Hill
Georgia Bar No. 354658
E-Mail:  sgh@hkw-law.com
Douglas R. Kertscher
E-Mail:  drk@hkw-law.com
Georgia Bar No. 416265
HILL, KERTSCHER & WHARTON, LLP
3350 Riverwood Parkway, Suite 800
Atlanta, Georgia  30339
770.953.0995

*/s/ Elizabeth L. DeRieux*
S. Calvin Capshaw
Texas State Bar No. 03783900
E-Mail:  ccapshaw@capshawlaw.com
Elizabeth L. DeRieux
Texas State Bar No. 05770585
E-mail: ederieux@capshawlaw.com
CAPSHAW DERIEUX, LLP
114 E. Commerce Ave.
Gladewater, Texas 75647
Telephone:  (903) 236-9800
Facsimile:  (903) 236-8787
*Attorneys for Plaintiff Conversant*
*Intellectual Property Management Inc.*

/s/ Nicholas Short by permission ELD
Nicholas Short
California State Bar No. 253922
E-Mail: nshort@wsgr.com
Stefani E. Shanberg
Texas Bar No. 24009955
E-Mail: sshanberg@wsgr.com
One Market Plaza
Spear Tower, Suite 3300
San Francisco, California 94105
Telephone: 415.947.2000
Fax: 415.947.2099

Anna Grace Phillips
California State Bar No. 275070
E-Mail: anphillips@wsgr.com
WILSON SONSINI GOODRICH &
ROSATI
900 South Capital of Texas Highway
Las Cimas IV, Fifth Floor
Austin, TX 78746
Telephone: 512.338.5400
Fax: 512.338.5499

*Counsel for Involuntary Plaintiffs LSI
Corporation and Agere Systems, LLC*

## CERTIFICATE OF SERVICE

I certify that on May 1, 2014, all counsel who are deemed to have consented to electronic service are being served with a copy of this document by the Court's Electronic Filing System, pursuant to Local Rule CV-5(a)(3)(A).

*/s/ Elizabeth L. DeRieux*